IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| TAMMY WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| -vs- | ) | Civil Action No. 13-110 |
| CAROLYN W. COLVIN,[1] COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 8 and 12). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 9 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Defendant's Motion for Summary Judgment (Docket No. 12) and granting Plaintiff's Motion for Summary Judgment. (Docket No. 8).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for social security income pursuant to the Social Security Act ("Act"). Plaintiff filed an application for benefits on August 21, 2009, alleging she had been disabled due to severe mental health impairments since August 15, 2009. (Docket No. 7-5, pp. 2-4). Administrative Law Judge ("ALJ") William E. Kenworthy held a hearing on October 7, 2011. (Docket No. 7-2, pp. 22-38). On October, 2011, the ALJ found that

---

[1] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.

1

Plaintiff was not disabled under the Social Security Act. (Docket No. 7-2, pp. 11-18). After exhausting all of his administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 8 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Whether the ALJ erred in assessing Plaintiff's credibility

Plaintiff submits that the ALJ erred in assessing her credibility because he relied on three misrepresentations of the evidence. (ECF No. 9, pp. 8-10). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make

3

clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id*. I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

The first misrepresentation alleged by Plaintiff is the following: "In terms of the claimant's alleged difficulty in leaving her home and recurrent panic attacks, there is simply no complaint in the medical records of such recurrent panic attacks." (ECF No. 9, p. 8, *quoting,* ECF No. 7-2, p. 16). Plaintiff points to the medical records of Turtle Creek Valley MHMR to show documentation of her panic attacks and difficulty leaving her house. (ECF No. 9, p. 8). While the evidence of record discusses panic disorder, it does not document evidence of daily multiple times a day "recurrent panic attacks" as testified to by Plaintiff at the hearing. *Compare,* ECF Nos. 7-8, p. 23, 26, and 7-9 p. 13, 15, 18 *with* ECF No. 7-2, p. 33. As such, I find no error with the ALJ in discrediting Plaintiff's hearing testimony, especially when viewing her doctor's report that she was doing well and generally stable except for the appropriate sadness surrounding the recent death of her boyfriend's sister. (ECF No. 7-9, p. 6-7, 13, 17).

Plaintiff also asserts that the ALJ misrepresented the statement that Plaintiff made to her doctor that she loves to shop and spend time with her friends. (ECF No. 9, p. 10, *citing* ECF No. 7-2, p. 16). At the hearing Plaintiff qualified this statement by testifying that she loves to spend time with her friend when they come to her house and her love to shop is "very rare." (ECF No. 7-2, p. 29). The ALJ found the unqualified statements "to medical sources to be inherently more reliable than those made at a hearing with the prospect of financial gain." The ALJ is the one assessing credibility. To that end, I find his decision in this regard to be supported by substantial evidence. Therefore, I find no error in this regard.

4

The third alleged misrepresentation by the ALJ was his statement that at the hearing Plaintiff exaggerated her time of being "clean." (ECF No. 9, pp. 8-9, *citing*, ECF No. 7-2, p. 16). Plaintiff testified that she had been sober "[t]wo years in January."   (ECF No. 7-2, p. 29). The ALJ read the testimony to mean clean for two years since January, while Plaintiff argues she meant it will be two years coming up this upcoming January. Based on the record, there is substantial evidence to support the ALJ's interpretation.   (ECF No. 7-8, p. 36).   Therefore, after a thorough review of the record as a whole, and based on the above, I find that the ALJ properly evaluated Plaintiff's statements and his decision was supported by substantial evidence. Thus, I find the ALJ did not err in this regard.

C. **Whether the ALJ erred in failing to discuss the progress notes which documented clinical findings and subjective reports and Global Assessments of Functioning (GAF) scores[2]**

In essence, Plaintiff submits that the ALJ erred in failing to discuss many of the progress notes of Plaintiff's treating doctors, as well as the GAF scores of Plaintiff.   (ECF No. 9, pp. 11-15). It is true that an ALJ need not discuss each treatment record. *See, Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001). In this case, however, I find that the ALJ fails to go through the record evidence in any meaningful ways such that I may find that his decision is supported by substantial evidence.   Most significantly, I find the ALJ failed to mention or discuss the impact of any of the 12 GAF scores[3] assigned to Plaintiff and documented in the record.   While I acknowledge that GAF scores do not have a "direct correlation to the severity requirements" of the Social Security

---

[2] A GAF score is used to report an individual's overall level of functioning with respect to psychological, social, and occupational functioning. The GAF scale ranges from the lowest score of 1 to 100, the highest score possible. The GAF score considers "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders, ("DSM–IV TR") 34 (4th ed. 2000).

[3] I disagree with Defendant that the GAF scores were not separate scores but rather carry over scores from prior evaluations.   (ECF No. 13, pp. 14-15). Each doctor performed his/her own evaluation and either agreed with the prior score or provided a new score.   Each score is a separate and independent score ascribed to Plaintiff at that particular time.   *See,* ECF No. 7-7, pp. 4, 8, 11, 14, 17, 20, 36; No. 7-8, pp. 3, 29; No. 7-9, pp. 10, 15 and 18.

5

mental disorder listings, they are medical evidence that informs a Commissioner's judgment in assessing whether an individual is disabled. *Rios v. Commissioner of Social Sec.*, 444 Fed.Appx. 532, 535, 2011 WL 4059780, *2 (3d Cir. 2011), *citing,* 65 Fed.Reg. 50746–01, 50764–65 (2000).

In 2009, Plaintiff's GAF scores were 50 and 55. (ECF No. 7-7, pp. 4, 8, 11, 14, 17, 20, and 36). In 2010, Plaintiff's GAF scores were all 55. (ECF No. 7-8, pp. 3, 29). In 2011, Plaintiff's GAF scores dropped by ten points to 45. (ECF No. 7-9, pp. 10, 15, 18). A GAF of 41-50 sometimes denotes "serious symptoms (e.g., suicidal ideation…)…OR any serious impairment in social, occupational, or school functioning." *See* Diagnostic and Statistical Manual of Mental Disorders (4th ed. 2000) ("DSM-IV-TR"). An individual with a GAF score in this range (41-50) *may* be "unable to keep a job." *Rios,* at *2, n. 3. Here, the ALJ completely failed to mention these scores at all or how they factored into his decision of Plaintiff's work-related abilities and limitations. Additionally, he failed to thoroughly discuss the treatment Plaintiff received at Turtle Creek Valley Mental Health. Based on his failure to discuss any the GAF scores coupled with his less than through review of Plaintiff's mental health records, I am unable to perform a meaningful review of his decision. Therefore, I find the ALJ erred in this regard and a remand is warranted for further consideration. *See, Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009).[4]

Accordingly, Defendant's Motion for Summary Judgment (Doc. No. 12) will be denied and Plaintiff's Motion for Summary Judgment (Doc. No. 8) will be granted. The case will be remanded for further administrative proceedings.

An appropriate order shall follow.

---

[4] Since Plaintiff's case will be remanded for the ALJ's failure to consider and analyze all relevant medical evidence regarding her mental impairments, including her low GAF scores, it is unnecessary to examine Plaintiff's final claim that the ALJ erred in omitting certain limitations from the hypothetical questions posed to the vocational expert. (ECF No. 9, pp. 15-18).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TAMMY WILLIAMS,  )
                Plaintiff,  )
    -vs-  )    Civil Action No. 13-110
CAROLYN W. COLVIN,[5]  )
COMMISSIONER OF SOCIAL SECURITY,  )
                Defendant.  )

AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 8th day of January, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 8) is granted and Defendant's Motion for Summary Judgment (Docket No. 12) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further proceedings consistent with the foregoing memorandum opinion.

                BY THE COURT:

                s/ Donetta W. Ambrose
                Donetta W. Ambrose
                United States Senior District Judge

---

[5] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.